THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AURA ROSSI

    Plaintiff,

v.

CITY OF LAKEWOOD, et al.

    Defendant.

Case No. C07-5411-RBL

ORDER DENYING STATE OF WASHINGTON'S MOTION TO QUASH SUBPOENAE

THIS MATTER comes before the Court upon State of Washington's Motion to Quash Subpoenae [Dkt. 131]. The Court has considered this Motion as well as Defendant City of Lakewood's Response [Dkt. 135], Defendants' Surreply (and supporting Declaration) [Dkt. 136], the State of Washington's Declaration in Support of the Motion [Dkt. 132], and the file herein. No oral argument is necessary. For the reasons explained below the Court DENIES this Motion to the extent that it enjoins the City of Lakewood from bringing further subpoenas.

## BACKGROUND

On July 23, 2007, Ms. Rossi brought suit in state court against Defendant City of Lakewood for, among other claims, violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. *See* 42 U.S.C. § 12101 (ADA); 29 U.S.C. § 701(a)(5) (Rehabilitation Act); [Complaint].

On August 8, 2007, the City of Lakewood removed the lawsuit to federal district court.

On March 3, 2008, the Court issued an order allowing City of Lakewood to bring in the State of

Washington as a third party defendant. However, the State of Washington objected to the City of Lakewood's motion on June 11, 2008, claiming sovereign immunity. [Dkt. 103] Without argument or a ruling by the court, the City of Lakewood conceded the sovereign immunity of the State of Washington and did not object to the dismissal of the State of Washington as a party.[1] [Dkt. 111] The Court subsequently ordered the dismissal of the State of Washington. [Dkt. 112]

On August 15, 2008, the City of Lakewood served the State of Washington with two subpoena pursuant to Fed. R. Civ. P. 30(b)(6).

## DISCUSSION

A party may direct a subpoena to a government agency as long as they describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). However, the court must quash an otherwise timely subpoena if it "requires the disclosure of a privileged or otherwise protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

The 11th Amendment of the United State Constitution protects states from suits by their own citizens unless Congress has abrogated a state's immunity or the state has waived it. *Clark v. California*, 123 F.3d 1267, 1269 (9th Cir. 1999). In the present case, the Court is not convinced that the State of Washington is protected by sovereign immunity or the 11th Amendment. Although the City of Lakewood has for whatever reason conceded the motion to quash the present subpoenae, this is not binding on the Court. However, the Court will only address the State of Washington's motion to enjoin the City of Lakewood from issuing further subpoenas.

The claims Ms. Rossi brought against the City of Lakewood include violations of the ADA and Rehabilitation Act [Complaint], and it is against these claims which the City of Lakewood may seek to indemnify itself through the State of Washington. The State of Washington has not waived its 11th Amendment or sovereign immunity, so the Court must examine whether this immunity has been abrogated by Congress. The Supreme Court outlined a two-part test to determine if immunity of the state has been properly abrogated: whether Congress has "unequivocally expressed its intent to abrogate the immunity,"

---

[1] In the instant motion, the State of Washington argues that its 11th Amendment and sovereign immunity is the law of the case. This is not correct, as the court made no ruling on the matter.

and whether this abrogation was made "pursuant to a valid exercise of power." *Seminole Tribe v. Florida*, 517 U.S. 609, 116 S. Ct. 1114 (1996). In the case of the ADA and the Rehabilitation Act, Congress has unequivocally stated that states are not protected under the 11th Amendment. *Clark*, 123 F.3d at 1269. Additionally, Congress acts validly when abrogating sovereign immunity for the purposes of enforcing the Equal Protection Clause of the 14th Amendment. *Id*. at 1270. Specifically, the disabled are protected against discrimination by the Equal Protection Clause. *City of Cleburn v. Cleburn Living Ctr., Inc.*, 473 U.S. 432, 450, 105 S. Ct. 3249 (1985). The State of Washington would therefore not be able to assert 11th Amendment or sovereign immunity were Ms. Rossi to bring discrimination claims directly against it, and should not be able to do so when a party seeks discovery for such claims based in part on state statutes.

In defense, the State of Washington relies on the holding of *United States v. James*, 980 F.2d 1314 (9th Cir. 1992), stating that no federal jurisdiction exists over an Indian Nation to subpoena documents. While the court there quashed subpoenas of documents from the Nation based on sovereign immunity, there are several key differences between the circumstances of *James* and the present case. *James* involved the subpoena of the Quinault Indian Nation, not a government agency. Indian Nations are ceded some independence due to their status as dependent domestic nations, and the decision may have been a sign of respect to the Nation's semi-independent legal system. *Id*. at 1319-20. Additionally, *James* was a criminal proceeding against an individual, while the present case is a civil suit that potentially involves the state. Finally, the defendant in *James* sought to gain private information that the victim, a citizen of an Indian Nation, had communicated to tribal authorities in order to gain access to services. *Id*. In the present case the state does not have a similar interest in protecting its citizens from disclosures of private information. Absent similar circumstances or concerns, the State of Washington cannot claim similar immunities

The State of Washington has made no argument that the City of Lakewood's subpoenae are unduly burdensome, expensive, or unreasonably related to the issues under Fed. R. Civ. P. 45(c)). Instead, the State relies entirely on a theory of immunity. The court therefore DENIES the motion to quash to the

1 | extent that it enjoins the City of Lakewood from filing further subpoenae against DSHS or the State of
2 | Washington.

3 |     IT IS SO ORDERED.

4 |     DATED this 25th day of August, 2008.

<em>/s/ Ronald B. Leighton</em><br>
RONALD B. LEIGHTON<br>
UNITED STATES DISTRICT JUDGE